IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CRAIG GRAYSON BECK                                                                            PLAINTIFF

v.                                           Civil No. 4:17-CV-04033

CORRECT CARE SOLUTIONS, *et al.*                                                      DEFENDANTS

## **ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a court order and failure to prosecute this case.

On July 28, 2017, the Court entered an Order (ECF No. 23) directing Plaintiff to submit a Response to Defendants' Motion for Summary Judgment (ECF No. 20). Plaintiff's Response was due by August 30, 2017, and the Order advised Plaintiff that failure to timely and properly comply with the Order could result in the dismissal of this action for failure to obey an order and failure to prosecute. (ECF No. 23). The Order was not returned as undeliverable. Plaintiff did not respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

1

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's Order directing him to respond to a Motion for Summary Judgment and has failed to prosecute this matter. As such, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of November 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge